JUAN SIXTO MARCANO SANTIAGO, Petitioner, *v.* REGISTRAR OF PROPERTY OF CAGUAS, Respondent.

No. 823.   Argued November 3, 1930.—Decided November 21, 1930.

R. *Cintrón Lastra* for petitioner.

Mr. Justice Aldrey delivered the opinion of the Court.

The appellant Juan Sixto Marcano Santiago purchased a piece of property under a contract reserving the right of redemption in, the vendor, and recorded his deed in the Registry of Property of Caguas. Upon the expiration of the time stipulated for the vendor to redeem the property so sold, the purchaser applied to the registrar for the record of the consummation of the sale, and that officer refused to record the same on the ground that, as shown by the registry, it was agreed in the deed of sale that the vendor would continue in possession as lessee of the property on the payment of the stipulated rent, and hence such a sale is within the purview of subdivision 2 of section 1 of Act No. 47 of 1916. The registrar's refusal has given rise to the present appeal.

In reference to sales with an agreement to reconvey, section 1 of the said act provides as follows:

"That in any of the following cases sales of real estate on reversion [*] shall be presumed to constitute a contract of loan for the amount of the price, with a mortgage on the property sold, as security:

"1. When the buyer fails to enter into material possession of the thing sold.

"2. When the vendor pays to the buyer interest on the selling price, though such interest may be called rental or otherwise.

"3. When a grossly inadequate sum appears in the contract, as the price of alienation."

---

[*] Note.—A more adequate translation of the Spanish equivalent, "*con pacto de retro*", would seem to be: "with an agreement to reconvey."

The question now raised has already been decided, if impliedly, by this court in *Lizardi* v. *Registrar of Caguas,* 24 P.R.R. 804. The only difference between that case and the one at bar is that in the former the registrar refused to record the sale on the same ground on which now, after the sale had been recorded, he relies for refusing to record the consummation of such sale. In the cited case this court reversed the decision of the registrar and ordered the record of the sale. The Court said (p. 808):

"The presumption *juris tantum* that any sale of real property with an agreement to reconvey constitutes a contract of loan with a mortgage as security in the cases enumerated by the Act of April 13, 1916, does not create a real and absolute mortgage right in favor of the vendee, for unless such right is declared by a court of competent jurisdiction, it cannot be recorded in the registry even upon the petition of the presumed mortgagee; nor can such mortgagee institute the summary proceedings prescribed by the Mortgage Law and its Regulations for the recovery of the loan secured by the mortgage. The act has established the said presumption in order that it may constitute proof of the alleged simulation, unless destroyed, when the validity of a sale with an agreement to reconvey is attacked by suit.

"The contract of purchase and sale with an agreement to reconvey, which has been refused admission to record, contains all of the essentials required by section 1228 of the Civil Code, namely, the consent of the contracting parties, a definite subject-matter and a consideration. The nullity thereof does not appear on its face, for the presumption which might vitiate it, relied on by the registrar, is not conclusive and may be made an issue by the parties. The registrar is not bound to refuse to admit an instrument to record unless it is void on its face. Julio Godreau Company v. Registrar of Guayama, 23 P.R.R. 61. The decision of the registrar involves a question of fraud which must be decided by a court of competent jurisdiction at a proper trial after hearing the parties. The registry is not the place in which to try matters involving disputed questions of fact. Compañía Azucarera de Carolina v. Registrar of Property, 19 P.R.R. 143.

We refrain from any conclusions as to whether or not the first and second presumptions referred to in section 1 of the Act of April 13, 1916, are present in this case, for that and similar questions which may arise should not be considered in an administrative appeal. See

the cases *supra*, Compañía Azucarera de Carolina v. Registrar of Property, 19 P.R.R. 143, and Julio Godreau Company v. Registrar of Guayama, 23 P.R.R. 61.''

The foregoing reasoning is applicable to the case at bar, because if a sale in the above circumstances is recordable, so must be the present one, as a final sale, by means of the note of consummation entered at the expiration of the period for reconveyance without any retrocession having taken place, since a sale where the vendor retains possession of the property sold as lessee is not necessarily void, the law not declaring it to be so, nor does it necessarily constitute a loan secured by a mortgage on the property sold. Therefore, both the sale with an agreement to reconvey and the note of consummation, which renders such sale absolute by reason of the expiration of the time fixed for redemption, are recordable. It is a sale which, owing to the conditions annexed to the transaction, creates the legal presumption that it constitutes a mortgage loan, which presumption is by its nature *juris tantum* and can be rebutted by the purchaser; and as it is not within the power of a registrar to determine whether a sale made under any of the circumstances stated in section 1 of the aforesaid act is really a sale and not a loan, he should record such sale and also its consummation at the expiration of the time stipulated for redemption of the property. The failure to record such a sale or its consummation, at the proper time, would be equivalent to converting a presumption *juris tantum* into one which is *juris et de jure* on the assumption that it can not be shown that, notwithstanding the fact of the vendor's remaining in possession as lessee paying rent, the contract was really one of sale and not a loan contract. Moreover, in the present case it would be an anomaly to hold that under the same state of facts a property could be recorded, although subject to the right of redemption in the vendor, but the expiration of the period of redemption and

546

the consummation of the sale could not be noted in the registry.

For the reasons assigned, the record sought must be ordered.

Mr. Chief Justice del Toro and Mr. Justice Hutchison dissented.